NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-847

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 178282

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (SORB) as a level three sex offender.  On appeal, Doe argues that the reclassification decision was arbitrary, capricious, and an abuse of discretion because the hearing examiner erred by applying SORB's regulatory factor 34 (stability in the community) with moderate mitigating weight. We affirm.

Background.  1.  Doe's index sex offense.  In 2006, Doe raped a nineteen year old woman (victim one) who fell asleep at his house following a card game.  Doe pleaded guilty to one count of rape and was sentenced to a four-year term of probation.  In 2010, after an evidentiary hearing, SORB classified Doe as a level two sex offender.

2. _Doe's subsequent sex offense_. In December 2018, a second victim (victim two), who was fourteen years old at the time, reported that she was sexually assaulted by Doe during a visit to his house with her parents who were friends of Doe. Victim two reported that Doe entered the bedroom in which she was watching videos and offered her beer before he rubbed her neck, back, and buttocks beneath her underwear, and attempted to kiss her.

Doe was found guilty of indecent assault and battery on a person over fourteen as well as attempt to commit a crime and failure to register as a sex offender. Doe received a sentence of two and one-half years of incarceration, with eighteen months to serve and the balance suspended for three years, for the conviction of indecent assault and battery on a person over fourteen. Doe also received a two-year probation term for the other offenses.

As a result of these convictions, SORB initiated a reclassification of Doe. On May 20, 2021, the hearing examiner conducted a de novo reclassification hearing, after which he issued a written decision classifying Doe as a level three sex offender. On August 8, 2022, a judge of the Superior Court denied Doe's motion for judgment on the pleadings and affirmed SORB's decision.

Discussion. "Our inquiry on appeal is similar to the inquiry conducted by [the] Superior Court judge." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 108 n.3 (2014) (Doe No. 68549). We may set aside or modify SORB's decision only if we determine "that the decision is in excess of SORB's statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019). We give due weight to SORB's experience, technical competence, and specialized knowledge, as well as to the discretionary authority conferred on it, mindful that SORB hearing examiners have discretion "to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor." Doe No. 68549, supra at 109-110.

A level three classification is appropriate where SORB determines that the offender's risk of reoffense is high, and the degree of dangerousness posed to the public is such that a substantial public safety interest is served by active dissemination of the offender's information. See Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 30 (2021). Three elements must be established by clear and convincing evidence: "(1) the offender's risk of

3

reoffense, (2) the offender's dangerousness as a function of the severity and extent of harm the offender would present to the public in the event of reoffense, and (3) the public safety interest served by public access to the offender's information" (citation omitted).  Id.

Doe argues that the hearing examiner erred by giving moderate, rather than full, mitigating weight to factor 34 (stability in the community).  He asserts the hearing examiner's rationale that Doe's future stability was "speculative" unfairly implies an incarcerated offender could never receive full mitigating weight for factor 34.  As a result of the hearing examiner giving moderate mitigating weight to factor 34, Doe contends SORB failed to meet its burden of showing, by clear and convincing evidence, that Doe poses a high risk of reoffending.

We reject Doe's argument.  The hearing examiner was entitled to give only moderate weight to factor 34 because Doe was still incarcerated at the time of the hearing; thus, the level to which Doe could demonstrate future stability in the community was limited.  While Doe maintained he had a place to live and employment on his release from incarceration, it was well within the hearing examiner's discretion to conclude Doe's future residential and employment plans were "speculative," thus, only entitled to moderate weight considering the evidence

presented at the hearing.  See Doe No. 68549, 470 Mass. at 109-110.

In regard to Doe's proposed housing, Doe's mother's letter did not provide explicit assurance that she would permit Doe to live with her.  Instead, she wrote that he could come to her house to talk and watch television.  In addition, Doe provided nothing to support his averment that he would be gainfully employed once he was released from jail.  Finally, although Doe submitted proof of his attendance at certain programs afforded to inmates as indicative of his likelihood of stability once he returned to the community, Doe did not provide any supplemental reports as to his progress in these programs.

Even if it were error to give factor 34 moderate mitigating weight, such error would be harmless due to the evidence of Doe's high risk to reoffend sexually and the high degree of danger he poses to the community.  Specifically, the hearing examiner found that Doe's 2018 commission of a sex offense, which occurred after his rape conviction in 2008, supported the application of statutory high-risk factor 2 (repetitive and compulsive behavior) at full weight.  The hearing examiner also found that Doe's sex offense against a child supported application of statutory high-risk factor 3 (adult offender and child victim).  In addition, Doe has a significant criminal history that includes numerous violations of probation.  Thus,

when considering the petitioner's governing sex offenses and the risk-elevating factors, affording Doe full mitigating weight for factor 34 would not have changed the examiner's decision to reclassify Doe as a level three sex offender.

Judgment affirmed.

By the Court (Vuono, Rubin & Smyth, JJ.[1]),

Clerk

Entered:  August 23, 2024.

---

[1] The panelists are listed in order of seniority.